FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

2004 JAN -8 P 2: 56

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO. Cohen
MAGISTRATE JUDGE

|  |  |
|---|---|
| DONALD SULLIVAN, | ) |
| Plaintiff, | ) 04-10045 MLW |
| v. | ) |
| RAYTHEON COMPANY, | ) |
| Defendant. | ) |

RECEIPT # 150  52993
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 1/8/04

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant Raytheon Company ("Raytheon") hereby removes this action to the United States District Court for the District of Massachusetts. As grounds therefore, Raytheon states as follows.

1. Raytheon accepted service of the Summons and Complaint on December 22, 2003. Copies of all process, pleadings, and orders currently received by Raytheon are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Pursuant to 28 U.S.C. § 1446(b), this removal notice is timely.

3. In his complaint, plaintiff Donald E. Sullivan ("Sullivan") brings three claims: (1) disability discrimination under Mass. Gen. Laws ch. 151B; (2) disability discrimination under Mass. Gen. Laws ch. 93, § 103; and (3) violation of Mass. Gen. Laws ch. 152, §§ 75A and 75B ("workers' compensation claim").

4. In a decision arising from an earlier lawsuit by Sullivan, in which he brought the same type of workers' compensation claim he brings here, the First Circuit ruled that the claim was completely preempted by section 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185. Sullivan v. Raytheon Co., 262 F.3d 41, 49-50 (1st Cir. 2001).

5. Although alleging a new violation, the workers' compensation claim in Sullivan's current complaint alleges the same facts that led to the preemption of his prior claim – i.e., he again alleges that he was a member of the Raytheon Guards Association ("Union") and that he was covered under the terms of the collective bargaining agreement between Raytheon and the Union. (Complaint ¶ 15; Complaint Exhibit A at 1). As a result, in the same way that his workers' compensation claim was completely preempted in the earlier case, it is completely preempted in this case. Because his workers' compensation claim is completely preempted, this Court has removal jurisdiction. Magerer v. John Sexton & Co., 912 F.2d 525, 529 (1st Cir. 1990).

6. Concurrent with the filing of this Notice of Removal, Raytheon is providing notice of the removal to all adverse parties and to the clerk of the Middlesex Superior Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Raytheon removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

RAYTHEON COMPANY
By its attorneys,

/s/ Stephen S. Churchill

James F. Kavanaugh, Jr.
BBO# 262360
Stephen S. Churchill
BBO# 564158
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: January 8, 2004

191307.1

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand)(mail) on 1/8/04.