UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
04-10045 MLW

DONALD E. SULLIVAN,   )
    Plaintiff,   )
       )
v.   )
       )
RAYTHEON COMPANY,   )
    Defendant.   )

## DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 12(b)(6) and 56, defendant Raytheon Company ("Raytheon") moves that this Court grant summary judgment in Raytheon's favor as to Count I of the complaint and dismiss Counts I (to the extent it alleges retaliation), II, and III for failure to state a claim upon which relief can be granted. As grounds for this motion, Raytheon states as follows.

1.    This is plaintiff Donald Sullivan's ("Sullivan") third lawsuit against Raytheon following his 1992 termination. Raytheon obtained judgments in its favor on the first two suits. This case is essentially the same as his last case: his last suit arose from a 1996 reinstatement request; this suit arises from a 2001 reinstatement request. Otherwise, the two cases are essentially the same, and this one fails for substantially the same reasons that his last one failed.

2.    In Count I, Sullivan alleges that Raytheon engaged in discrimination and retaliation in violation of Mass. Gen. Laws, ch. 151B when refusing his September 25, 2001 request for reinstatement. In Count II, he relies on that same refusal to allege a violation of Mass. Gen. Laws, ch. 93, § 103. In Count III, he alleges that Raytheon violated two provisions

of the Massachusetts workers' compensation statute, Mass. Gen. Laws, ch. 152, §§ 75A and 75B.

3. Raytheon is entitled to judgment on all three counts.

4. The retaliation claim in Count I fails to state a claim upon which relief can be granted, because the alleged retaliation occurred *before* Sullivan filed his MCAD complaint.

5. In addition, Raytheon is entitled to summary judgment with respect to all claims in Count I for two independent reasons. The first is that Sullivan's lump sum settlement of a claim for workers' compensation benefits bars him from alleging that he is physically capable of returning to work at Raytheon. The second is that Sullivan is bound by his repeated claims that he is totally and permanently disabled.

6. Count II fails to state a claim upon which relief can be granted, because it is precluded by the exclusivity provisions of Mass. Gen. Laws, ch. 151B.

7. Count III also fails to state a claim upon which relief can be granted, because it is preempted by section 301 of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. § 185.

8. As a result, Raytheon is entitled to judgment in its favor as to all claims in the complaint.

9. Further grounds in support of this motion are set forth in the Defendant's Statement of Facts, the Supplemental Affidavit of Stephen S. Churchill, the Affidavit of James Remeika, and the Memorandum in Support of Defendant's Motion to Dismiss and for Summary Judgment.

WHEREFORE, Raytheon respectfully requests that this Court grant summary judgment in its favor as to Count I and dismiss Counts I (to the extent it alleges retaliation), II, and III for failing to state a claim upon which relief can be granted.

RAYTHEON COMPANY
By its attorneys,

/s/ James F. Kavanaugh, Jr.

James F. Kavanaugh, Jr.
BBO# 262360
Stephen S. Churchill
BBO# 564158
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: February 3, 2004

193570.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand/mail) on 2/3/04.