UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
DONALD E. SULLIVAN       \*
    Plaintiff,           \*
                         \*
v.                       \*
                         \*
RAYTHEON COMPANY,        \*
    Defendant.           \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION
NO: 04-10045-MLW
BBO NO. 198580

**PLAINTIFF'S MOTION TO ENLARGE TIME WITHIN WHICH TO RESPOND TO DEFENDANT'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT UNTIL AFTER THE COURT RULES ON PLAINTIFF'S MOTION TO REMAND**

The Plaintiff, Donald E. Sullivan ("Sullivan"), moves to enlarge the time within which to respond to Defendant's Motion to Dismiss and for Summary Judgment until after the Court rules on Plaintiff's Motion to Remand for the following reasons:

1. Defendant, Raytheon Company ("Raytheon"), filed a Motion to Dismiss and for Summary Judgment on or about February 3, 2004.

2. Plaintiff Sullivan filed Plaintiff's Motion to Remand on or about February 18, 2004.

3. If Plaintiff's Motion to Remand is allowed by the District Court, the case will be remanded to the state superior court, and there will be no need for the District Court to rule on Defendant's Motion to Dismiss and for Summary Judgment.

4. The claims contained in Sullivan's Complaint raise only state claims, and the District Court should leave those issues to be resolved by the state court.

5. For judicial economy, the District Court should rule on Plaintiff's Motion to Remand before ruling on Defendant Raytheon's Motion to Dismiss and for Summary Judgment.

6. Counsel for Sullivan will be out of the Commonwealth of Massachusetts for the month of March.

7. Counsel for Sullivan is scheduled to begin a trial on April 5, 2004.

8. Counsel for Sullivan is scheduled to begin a trial on April 12, 2004.

9. Counsel for Sullivan is scheduled to begin a trial on April 15, 2004.

Wherefore, Sullivan, through counsel, moves that the time to respond to Defendant's Motion to Dismiss and for Summary Judgment be enlarged until the Court's ruling on Sullivan's Motion to Remand, or such other time as to the Court may consider just and proper. If the District Court denies Sullivan's Motion to Remand, Sullivan moves that he be allowed at least fifteen (15) days from the receipt of the Decision.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Frederick T. Golder, certify that I conferred with James F. Kavanaugh, Jr., Esquire, counsel for Raytheon, in good faith to resolve or narrow the issues with respect to this motion.

By his attorney,

_____
Attorney for Plaintiff
Frederick T. Golder
BBO #198580
P.O. Box 232
Lynnfield, MA 01940
(781) 334-4284

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 2/20/2004

_____

3